UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| PURNELL ELLIOTT WILLIAMS, | § | No. 1:25-CV-02135-DAE |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| vs. | § | |
| | § | |
| SHERIFF SALLY HERNANDEZ, in her | § | |
| individual and official capacities, and | § | |
| TRAVIS COUNTY, TEXAS, | § | |
| | § | |
| *Defendants.* | § | |

ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is the Report and Recommendation

("Recommendation") filed by U.S. Magistrate Judge Mark Lane on April 8, 2026.

(Dkt. # 6.)  Pursuant to Local Rule CV-7(h), the Court finds this matter suitable for

disposition without a hearing.  After reviewing the Recommendation and the

information contained in the record, the Court **ADOPTS** the Recommendation.

BACKGROUND

On December 29, 2025, Plaintiff Purnell Elliott Williams ("Williams"

or Plaintiff") filed suit against Defendants Sheriff Sally Hernandez and Travis

County, Texas, bringing claims stemming from a Travis County Sheriff's Office

investigative response to an incident at his home.  (Dkt. # 1.)  As noted by Judge

Lane, this is at least Plaintiff's fourth federal lawsuit related to this incident.  (Dkt.

1

# 6 at 2 (noting Plaintiff's other cases: 1:23- CV-1069; 1:24-CV-1071; and 1:23-CV-496-RP).)

After review, the Magistrate Judge granted Williams' application to proceed *in forma pauperis*.  (Dkt. # 6 at 1–2.)  The Magistrate Judge also reviewed Williams' *pro se* Complaint under 28 U.S.C. § 1915(e) and recommended dismissing the suit.  (Id. at 4.)  Williams has filed no objections to the Recommendation.[1]

DISCUSSION

Where, as here, none of the parties objected to the Magistrate Judge's findings, the Court reviews the Recommendation for clear error.  United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989).  After careful consideration, the Court adopts the Magistrate Judge's Recommendation.

In his Recommendation, Judge Lane found that Williams' claims should be dismissed because: (1) Williams has not pleaded facts showing that Travis County acted with deliberate indifference through a policy or widespread practice to support his claims against Travis County; and (2) Williams has not pleaded facts that support a supervisory claim against Sheriff Hernandez.  (Dkt. # 6

---

[1] On April 8, 2026, a copy of the U.S. Magistrate Judge's Recommendation was mailed via certified mail to Williams to the address he provided to the Court.  (Dkt. # 7.)  The return receipt with Williams' signature was received by the Court on April 22, 2026.  (Dkt. # 8.)

2

at 4–6.)  Therefore, because Williams failed to plead facts sufficient to support his claims against either Defendant, Judge Lane recommended dismissing Williams' case pursuant to 28 U.S.C. § 1915(e)(2)(B).  (Id. at 6.)  Upon the Court's review of the pleadings, the other briefings filed in the docket, and the relevant law, the Court agrees with Judge Lane's analysis and finds it is reasonable and absent of clear error.  See Johnson v. Deep East Tex. Regional Narcotics Trafficking Task Force, 379 F.3d 293, 309 (5th Cir. 2004) (providing that, to prevail on a municipal liability claim, a plaintiff must show "(1) that the policy itself violated federal law or authorized or directed the deprivation of federal rights or (2) that the policy was adopted or maintained by the municipality's policymakers with deliberate indifference as to its known or obvious consequences"); Porter v. Epps, 659 F.3d 440, 446 (5th Cir. 2011) ("A supervisory official may be held liable . . . only if (1) he affirmatively participates in the acts that cause the constitutional deprivation, or (2) he implements unconstitutional policies that causally result in the constitutional injury.").  Accordingly, the Court **ADOPTS** Judge Lane's Recommendation.

CONCLUSION

For the reasons given, the Court **ADOPTS** U.S. Magistrate Judge Lane's Report and Recommendation (Dkt. # 6) and **DISMISSES WITH PRJEUDICE** under § 1915(e)(2) Williams' claims.  The Court further **DENIES**

3

all pending motions as **MOOT**.  (Dkt. # 5.)  The Clerk's Office is hereby

**INSTRUCTED** to **CLOSE** the case.

      **IT IS SO ORDERED**.

      **DATED:** Austin, Texas, June 9, 2026.

                                      _____

                                      Hon. David Alan Ezra
                                      Senior U.S. District Judge